UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JIMMIE LEE RILEY #117199, | Case No. 1:08-cv-828 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Scoville |
| DONNA J. FRITZ *et al.*, | |
| Defendants. | |

**ORDER**

**Holding that the R&R Regarding the Original Complaint is Moot;
The Amended Complaint to be Reviewed Pursuant to Statute**

Proceeding *pro se*, Jimmie Lee Riley ("Riley") filed the civil-rights complaint initiating this action on September 2, 2008, challenging the conditions of his confinement. The court did not order service of the complaint on the defendant.

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was referred to the United States Magistrate Judge for a Report and Recommendation ("R&R"). On September 24, 2008, the Magistrate issued an R&R recommending that the complaint be dismissed for failure to state a claim. By orders issued October 15 and December 8, 2008, the Magistrate granted Riley's motions for extensions of time, making his objections due no later than Tuesday, January 20, 2009.

The objection deadline expired two weeks ago, and the court has not received any objections from Riley, nor has he moved for a further extension of time.

Before the defendants filed any response to the original complaint, however, Riley mailed an amended complaint to the court; the Clerk's Office filed the amended complaint on January 30, 2009. Because none of the defendants have filed a responsive pleading,[1] Riley was entitled to amend his complaint once "as of right", i.e., without leave of court or opposing counsel. *Essroc Cement Corp. v. CPRIN, Inc.*, 2009 WL 129809, *1 (W.D. Mich. Jan. 20, 2009) (Maloney, C.J.) (citing *Rogers v. AK Steel Corp.*, 1998 WL 1753590, *2 (S.D. Ohio Apr. 16, 1998) ("'A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . .'") (quoting FED. R. CIV. P. 15(a)); *McCready v. Michigan State Bar Standing Comm.*, 926 F. Supp. 618, 620 (W.D. Mich. 1995) (McKeague, J.) ("Plaintiff was entitled to file his amended complaint as of right under FED. R. CIV. P. 15(a), because defendant had failed to file an answer to his original complaint."), *aff'd o.g.*, 1996 WL 637484 (6th Cir. Nov. 4, 1996).[2]

Because the defendants were never served with the complaint, they had no obligation to file

---

[1]

"Cases uniformly hold that a 'responsive pleading' is solely one of the pleadings mentioned in Rule 7(a) – [such as an answer –] other responses, such as a motion to dismiss or a motion for summary judgment, do not suffice" under Rule 15(a). *PNC Secs. Corp. v. Finanz Liedgens GMBH*, 1996 WL 665574, *6 (6th Cir. Nov. 14, 1996) (citing, *inter alia*, *Kroger Co. v. Adkins Transfer Co.*, 408 F.2d 813 (6th Cir. 1969) and *Rogers v. Girard Trust Co.*, 159 F.2d 239 (6th Cir. 1947)).

*See, e.g., Wingert v. JPMorgan Chase Bank*, 537 F.3d 565, 574 (6th Cir. 2008) ("A motion to dismiss is not considered a responsive pleading under Rule 15(a).") (citing *Ohio Cas. Ins. Co. v. Farmers Bank of Clay*, 178 F.2d 570, 573 (6th Cir. 1949)), *reh'g en banc denied* (6th Cir. Oct. 28, 2008); *Friske v. Scutt*, 2008 WL 4857963, *1 (E.D. Mich. Nov. 6, 2008) (Hluchaniuk, M.J.) ("Here, defendants have not filed a responsive pleading; rather, they have only filed a motion for summary judgment."), *order aff'd*, 2008 WL 5211613 (E.D. Mich. Dec. 11, 2008) (Rosen, D.J.).

*Accord Brewer-Giorgio v. Producers' Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000).

[2]

By contrast, "[a]fter a responsive pleading is filed, a plaintiff may only amend the pleadings by leave of court or by written consent of the adverse party . . . ." *Siddock v. Grand Trunk Western R.R.*, 556 F. Supp.2d 731, 739 (W.D. Mich. 2008) (Maloney, J.) (citing FED. R. CIV. P. 15(a)).

answers. Nonetheless, the Federal Rule of Civil Procedure governing amendment of pleadings does not except prisoner-filed or *pro se* complaints from the rule that a plaintiff has a right to amend his complaint once if no defendant has filed an answer. Nor is the rule altered by W.D. MICH. LCIVR 5.6(a) (Pleadings & Papers in Other Particular Cases - Actions by Prisoners) or W.D. MICH. LCIVR 72.1(e) (Authority of U.S. Magistrate Judges - Prisoner Cases under § 1983). Accordingly, the court accepts Riley's amended complaint for filing as it would in a non-prisoner or non-*pro se* case.

"'[O]nce accepted, an amended complaint replaces the original.'" *Malik v. AT&T Mobility, LLC*, 2008 WL 4104555, *3 (W.D. Mich. Aug. 29, 2008) (Maloney, C.J.) and *ABB, Inc. v. Reed City Power Line Supply Co.*, 2007 WL 2713731, *1 (W.D. Mich. Sept. 18, 2007) (Maloney, J.) (both quoting *FL Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 702 (1982) (White, J., concurring in part & dissenting in part o.g., joined by Powell, Rehnquist, & O'Connor, JJ.)). The filing of the amended complaint "render[s] the original complaint null and void . . . ." *Malik*, 2008 WL 4104555 at *3 (quoting *Vadas v. US*, 527 F.3d 16, 22 n.4 (2d Cir. 2007) (adopting party's quotation from district court decision)). *See also Essroc*, 2009 WL 129809 at *1 (Maloney, C.J.) ("a prior 'complaint is a nullity, because an amended complaint supercedes all prior complaints'") (citing *B&H Med., LLC v. ABP Admin, Inc.*, 526 F.3d 257, 268 n.8 (6th Cir. 2008) (quoting *Drake v. City of Detroit*, 266 F. App'x 444, 448 (6th Cir. 2008) & citing 6 Wright, Miller & Kane, FED. PRAC. & PROC. § 1476 (2d ed. 1990))).[3]

---

[3]

*Accord Ramallo Bros. Printing, Inc. v. El Dia, Inc.*, 490 F.3d 86, 88 n.2 (**1st Cir.** 2007) ("[Plaintiff's] amended complaint completely supersedes his original complaint, and thus the original complaint no longer performs any function in the case.") (citation omitted); *Young v. City of Mt. Ranier*, 238 F.3d 567, 573 (**4th Cir.** 2001); *Swanson v. Perez*, 250 F. App'x 596, 597 (5th Cir. 2007) (quoting *King v. Dogan*, 31 F.3d 344, 346 (**5th Cir.** 1994)); *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (**8th Cir.** 2000); *Enderwood v. Sinclair Broadcast Group, Inc.*, 233 F. App'x 793, 800 (**10th Cir.** 2007) (quoting *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991)).

"Because the original 'complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of [the] claims . . . asserted therein.'" *Essroc*, 2009 WL 129809 at *1 (quoting *Van Vels v. Betten*, 2007 WL 2461933, *1 (W.D. Mich. Aug. 27, 2007) (Maloney, J.) (citing *May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000) ("If these . . . superseded May's original amended complaint, the present appeal would be moot because there would no longer be a live dispute over whether Sheahan is entitled to qualified immunity based on the allegations in the Amended Complaint."))).

Therefore, just as a motion to dismiss a complaint becomes moot when the complaint is superseded,[4] the R&R here became moot when the original complaint was superseded. *See* these federal civil-rights actions filed by *pro se* prisoners: *Garey v. Thompson*, 2009 WL 213116, *1 (M.D. Ga. Jan. 28, 2009) ("Because an amended complaint supersedes the original complaint . . .

---

4

*See Glass v. The Kellogg Co.*, 252 F.R.D. 367, 368 (W.D. Mich. 2008) (Maloney, C.J.) (citing *Cedar View, Ltd. v. Colpetzer*, 2006 WL 456482, *5 (N.D. Ohio Feb. 24, 2006) (Aldrich, J.) (the "earlier motion[s] to dismiss . . . are denied as moot, as they refer to a version of the complaint that has since been replaced . . . .") and *Ky. Press Ass'n, Inc. v. Ky.*, 355 F. Supp.2d 853, 857 (E.D. Ky. 2005) ("Plaintiff's amended complaint supercedes the original complaint, thus making the motion to dismiss the original complaint moot.") (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)), *app. dis.*, 454 F.3d 505 (6th Cir. 2006));

*ComputerEase Software, Inc. v. Hemisphere Corp.*, 2007 WL 852103, *1 (S.D. Ohio Mar. 19, 2007) ("Since the amended complaint replaces the original complaint, the motion to dismiss the original complaint is moot . . . ."); *Weiss v. Astella Pharma US, Inc.*, 2006 WL 1285406, *1 n.1 (E.D. Ky. May 10, 2006) (following amendment, motions to dismiss were moot).

*Accord Prof. Locate v. Prime, Inc.*, 2007 WL 1624792, *5 (S.D. Ala. June 4, 2007) ("Leave to Amend . . . is granted. * * * Elliott's motion to dismiss . . . is now moot because it relates to a superseded complaint . . . .");
*Tatum v. R.J. Reynolds Tobacco Co.*, 2007 WL 1612580, *4 (M.D.N.C. May 31, 2007);
*Busch v. Williams*, 2007 WL 2254939, *2 (N.D. Tex. Feb. 7, 2007);
*Peeples v. Beneficial Nevada, Inc.*, 2006 WL 3228421, *1 (D. Nev. Nov. 3, 2006).

the R&R recommending dismissal of Plaintiff's original complaint is moot. As a result, the court declines to adopt the R&R.") (internal citation omitted); *Rogers v. Detroit Police Dep't*, – F. Supp.2d –, –, 2009 WL 127665, *1 (E.D. Mich. Jan. 16, 2009) (Ludington, J.) ("[T]he court rejected the report and recommendation as moot, permitted plaintiff to amend his complaint for the second time, and again referred the case to Magistrate Judge Binder."). *Cf. In re Global Int'l Airways Corp.*, 81 B.R. 541, 542 n.3 (W.D. Mo. 1988) ("The bankruptcy court withdrew its report and recommendation because it had granted the plaintiff's motion to amend the complaint . . . thus making the bankruptcy court's report and recommendation moot.").

## ORDER

Accordingly, the court **REJECTS** the R&R [doc #4] as **moot**.

The amended complaint will be **REVIEWED** pursuant to statute.

**IT IS SO ORDERED** this 4th day of February 2009.

/s/ Paul L. Maloney  
Honorable Paul L. Maloney  
Chief United States District Judge
