UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

JIMMIE LEE RILEY,

                          Plaintiff,                          Case No. 1:08-cv-828

v.                                              Honorable Paul L. Maloney

DONNA J. FRITZ et al.,

                          Defendants.

_____/

**<u>OPINION</u>**

           This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's amended complaint will be dismissed for failure to state a claim.[1]

_____

         [1]On September 24, 2008, the Magistrate Judge issued a report and recommendation to dismiss Plaintiff's original complaint for failure to state a claim. Plaintiff subsequently filed an amended complaint. On February 4, 2009, the Court rejected the report and recommendation as moot in light of Plaintiff's amendment.

## Discussion

I.      Factual allegations

Plaintiff is incarcerated in the Straits Correctional Facility (KTF), but the events giving rise to his complaint occurred while he was incarcerated at the Muskegon Correctional Facility (MCF).  In his amended complaint (docket #9), Plaintiff sues MCF Assistant Resident Unit Supervisor Donna J. Fritz and MCF Assistant Deputy Warden Sharon Wells-Finos.  Plaintiff alleges that he was transferred from MTF to KTF in retaliation for assisting other prisoners with legal matters, including civil rights actions, prison grievances and defending misconduct charges. Plaintiff claims that Defendant Fritz became increasingly upset with him in November 2007 for assisting other prisoners in defending misconduct charges, particularly prisoners charged with smoking violations in non-smoking housing units.  Plaintiff claims that Fritz told him to stop assisting other prisoners with their legal matters.  On November 29, 2007, Fritz allegedly initiated a transfer of Plaintiff to another facility.  Plaintiff contends that Defendant Wells-Finos approved the transfer.  Plaintiff claims that as a result of his transfer he no longer has the opportunity to work in the food services department.

In addition to his retaliation claim, Plaintiff asserts that Defendants violated his rights to humane treatment and living conditions.  He alleges that he is "psychologically tormented, daily, whenever he reflects upon the insult to his dignity and the violations of his rights and the cold-hearted, devious, and reprehensible treatment accorded him." (Compl., 7.) For relief, Plaintiff seeks compensatory and punitive damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).   The standard requires that a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2001).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 127 S. Ct. at 1965; *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (holding that a court need not accept as true legal conclusions or unwarranted factual inferences).  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 127 S. Ct. at 1974; *see also United States v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008); *United States ex rel. Bledsoe v. Comty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.     **Retaliation**

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).  In order

- 3 -

to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

For purposes of this opinion, the Court will assume that assisting other prisoners with legal matters is protected conduct, which satisfies the first requirement for a retaliation claim. *See Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000) (an inmate generally does not have an independent right to help other prisoners with their legal claims, but such assistance is protected when the inmate receiving the assistance would otherwise be unable to pursue legal redress). Plaintiff, however, cannot satisfy the second requirement because his transfer to KTF did not constitute adverse action. As the Sixth Circuit explained in *Ward v. Dyke,* 58 F.3d 271 (6th Cir. 1995):

> Prisoners do not have a constitutional right to be incarcerated in any particular institution. *See Meachum v. Fano*, 427 U.S. 215 (1976). Moreover, the Supreme Court has held repeatedly that the ability to transfer prisoners is essential to prison management, and that requiring hearings for such transfers would interfere impermissibly with prison administration. *Id.*; *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Montanye v. Haymes*, 427 U.S. 236 (1976). "Whatever expectation the prisoner may have in remaining at a particular prison so long as he behaves himself, it is too ephemeral and insubstantial to trigger procedural due process protections as long as prison officials have discretion to transfer him for whatever reason or for no reason at all." *Meachum*, 427 U.S. at 228.

*Ward*, 58 F.3d at 274. "Since prisoners are expected to endure more than the average citizen, and since transfers are common among prisons, ordinarily a transfer would not deter a prisoner of

ordinary firmness from continuing to engage in protected conduct." *Siggers-El v. Barlow*, 412 F.3d 693, 701 (6th Cir. 2005). *See also Smith v. Yarrow*, 78 F. App'x. 529, 543 (6th Cir. 2003) ("transfer from one prison to another prison cannot rise to the level of an adverse action because it would not deter a person of ordinary firmness from the exercise of his First Amendment rights") (internal quotation marks omitted). If, however, a foreseeable consequence of a transfer would be to substantially inhibit a prisoner's ability to access the courts, then such a transfer could be considered an "adverse action" that would deter a person of ordinary firmness from continuing to engage in the protected conduct. *See Sigger-El*, 412 F.3d at 702 (holding that a transfer was an "adverse action," where the transfer resulted in plaintiff losing a high paying job that paid for his lawyer fees and moved him further from the attorney); *Johnson v. Beardslee,* No. 1:06-CV-374, 2007 WL 2302378, at *5 (W.D. Mich. Aug. 8, 2007).

Plaintiff was transferred from one level II facility to another level II facility. Plaintiff has no constitutional right to remain at a specific facility or to prevent a transfer to another level II facility. *Ward*, 58 F.3d at 274. Plaintiff's security level was not increased and he does not allege that his access to the courts was compromised as a result of the transfer. Plaintiff alleges only that he was unable to work in food services. Federal courts have consistently found that prisoners have no constitutionally protected liberty interest in prison employment. *See, e.g.*, *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job"). Consequently, Plaintiff has no constitutional claim arising from his alleged inability to work in food services at KTF. Therefore, the transfer is insufficient to constitute an adverse action and Plaintiff fails to state a claim for retaliation.

- 5 -

B.      **Eighth Amendment**

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.  Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981).  The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).  The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998).  The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted).  Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

Plaintiff's transfer from one level II facility to another level II facility clearly is not the type of event that would implicate the Eighth Amendment. Plaintiff's transfer was not "barbarous," nor did it result in the "unnecessary and wanton infliction of pain." Moreover, Plaintiff's claim for emotional injuries is barred by 42 U.S.C. § 1997e(e), which precludes any claim by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See also Hardin-Bey v. Rutter*, 524 F.3d 789, 795-96 (6th Cir. 2008); *Taylor v. United States*, 161 F. App'x 483, 486-87 (6th Cir. 2007); *Jarriett v. Wilson*, 162 F. App'x 394, 400 (6th Cir. 2005); *Oliver v. Sundquist*, No. 00-6372, 2001 WL 669994, at *1 (6th Cir. June 7, 2001); *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).  Plaintiff alleges no

- 6 -

physical injury resulting from his transfer to KTF.  As a consequence, his claim for emotional damages is barred.

## <u>Conclusion</u>

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: <u>February 13, 2009</u>                    /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  Chief United States District Judge